**MARRIOTT CORPORATION, J.W. Marriott, Jr., Hyatt Corporation, Hilton Hotels Corporation, and W. Barron Hilton, Plaintiffs,**

v.

**RAMADA INC., Ramada International, Inc., Ramada International Hotels and Resorts, Inc., New World Hotels Holding, Ltd., and Backus Turner & Partners, Defendants.**

**No. 93 Civ. 1455 (RO).**

United States District Court, S.D. New York.

July 7, 1993.

Charles J. Raubicheck and Mark J. Tauber, Piper & Marbury, New York City and Washington, DC, for plaintiffs Marriott Corp. and J.W. Marriott, Jr.

Reid L. Ashinoff and Carol Anne Been, Sonnenschein Nath & Rosenthal, New York City and Chicago, IL, for plaintiff Hyatt Corp.

Jeffrey W. King and Jeffrey W. Pagano, King, Pagano & Harrison, Washington, DC and New York City, for defendants.

## MEMORANDUM

OWEN, District Judge:

Plaintiffs Marriott Corporation, J.W. Marriott, Jr. and Hyatt Corporation brought this action against defendants Ramada Inc., Ramada International, Inc., Ramada International Hotels and Resorts, Inc., New World Hotels Holding, Ltd., and Backus Turner & Partners alleging false and misleading advertising, service mark infringement, deceptive trade practices, injury to business reputation, unfair competition, and violation of rights of privacy and publicity arising under §§ 43(a) and 32 of the Lanham Act, §§ 349, 350 and 368–d of the New York General Business Law, § 51 of the New York Civil Rights Law, and the New York common law of unfair competition.[1] The gravamen of plaintiffs' complaint is that defendants used the names "Marriott" and "Hyatt" without authority or license in an allegedly false and deceptive manner in advertisements for defendants' "Renaissance" Hotels thereby misleading consumers into believing that Renaissance Hotels are associated with the Marriott and/or Hyatt chains of hotels, and thereby causing injury to plaintiffs. A representative advertisement is annexed hereto as Appendix A.

The said advertisements feature couples that the ad agency, Backus, found with the same last names as the hotel chains, Frank and Cindy Marriott and Donald and Sally Hyatt. The ads take this and state "Why the Marriotts [Hyatts] Stay at Renaissance." The advertisements also feature brief testimonials by each of the couples, Marriott and Hyatt, as to why they stay at Renaissance Hotels.[2] Additionally, in response to plaintiff's protests, defendants have added to the advertisements a disclaimer stating that the individuals identified in the advertisements "are not related to the Marriott [or Hyatt] Hotels and the advertisement[s] do[ ] not constitute an endorsement of the Renaissance Hotels by Marriott [or Hyatt] Hotels."

The Lanham Act provides in pertinent part:

(a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). The Lanham Act essentially addresses itself to "false or misleading" designations, descriptions or representa-

---

1. Previously, the claims of plaintiffs Hilton Hotel Corporation and W. Barron Hilton were withdrawn.

2. Thus:
   **"WHY THE MARRIOTTS STAY AT RENAISSANCE.**
   "When we travel we like to mix business with pleasure. At the Renaissance Hotel that is easy to accomplish. The amenities offered to the business traveler are state of the art; the hotel is beautifully designed and decorated; the excellent restaurants cater to every need; and the staff is friendly, professional and eager to please."
   Frank and Cindy Marriott from Florida, while staying at the Los Angeles Renaissance Hotel."

tions causing confusion as to—in a case such as this—the affiliation or origin of hotel services. The facts before me do not suggest that the defendants engaged in such prohibited conduct by creating and publishing the disputed advertisements. On the contrary, those advertisements are designed to suggest to the targeted audience—or any reader— that the Renaissance Hotels are in the same class as or even finer than the Marriott, Hyatt, or Hilton Hotels. It is obvious from even a cursory reading that they are clearly tongue-in-cheek. I cannot see that any reasonable person would be misled—even absent the disclaimer—into believing that the Marriotts or Hyatts featured in the advertisements are in any way related to plaintiffs Marriott Corporation, J.W. Marriott, Jr. or Hyatt Corporation or that the Renaissance Hotels have their "origin" in or their "sponsorship[ ] or approval" from those corporations. Accordingly, there is no "likelihood of confusion", and plaintiffs' Lanham Act claims must be dismissed as a matter of law.

It is argued by the plaintiffs that the complaint having actionable words typed therein must *ipso facto* survive a motion to dismiss. But the complaint, regardless of its allegations, can not add one cubit to the advertisement which is annexed thereto and incorporated therein.

Given the foregoing, the remainder of plaintiffs' claims need no discussion and also fall as a matter of law.[3] Accordingly, defendants' motion to dismiss the complaint is granted.

*Submit order on notice.*

---

3. In passing, it appears especially meritless to claim that Frank Marriott has violated J.W. Marriott, Jr.'s personal rights of privacy and publicity under New York law. The use of the surname alone is clearly insufficient to unmistakably identify "J.W.". *Maggio v. Charles Scribner's Sons,* 205 Misc. 818, 821, 130 N.Y.S.2d 514 (N.Y.Mag. Ct.1954).

# Why the Marriotts stay at Renaissance.

"When we travel we like to mix business with pleasure. At the Renaissance Hotel that is easy to accomplish. The amenities offered to the business traveler are state of the art; the hotel is beautifully designed and decorated; the excellent restaurants cater to every need; and the staff is friendly, professional and eager to please."

*Frank and Cindy Marriott from Florida, while staying at the Los Angeles Renaissance Hotel.*

**UNITED STATES**
Arlington, VA
Atlanta Downtown
Atlanta Int'l Airport
Dallas/Richardson
Dulles Int'l Airport
East Brunswick, NJ
Jackson, MS
Long Beach, CA
Los Angeles Int'l Airport
New York City
Orlando Int'l Airport
Springfield, IL
Washington, DC

**CANADA**
Dartmouth/Halifax
Edmonton
Niagara Falls
Regina
Saskatoon
Toronto
Vancouver

**CARIBBEAN**
Antigua
Grenada
Ocho Rios, Jamaica
Santo Domingo, DR

# RENAISSANCE
**HOTELS · RESORTS**

RENAISSANCE HOTELS & RESORTS. AROUND THE WORLD IN 50 LOCATIONS IN 20 COUNTRIES. For reservations please contact your Professional Travel Agent or Renaissance Hotels & Resorts 1-800-228-9898.

Frank and Cindy Marriott are not related to the Marriott Hotels and the advertisement does not constitute an endorsement of Renaissance Hotels by Marriott Hotels